IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01795-BNB

CHARLES MEDICINE-BLANKET,

    Applicant,

v.

MICHAEL MILLER, Warden, C.C.C.F., and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Charles Medicine-Blanket, is a prisoner in the custody of the Colorado Department of Corrections who is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Medicine-Blanket filed an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 8). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Mr. Medicine-Blanket is challenging the validity of his Colorado state court criminal conviction in Arapahoe County District Court case number 97CR4188.

    The Court must construe the amended habeas corpus application liberally because Mr. Medicine-Blanket is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the application is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed

below, the action will be dismissed for lack of jurisdiction.

Mr. Medicine-Blanket previously sought habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254 challenging the validity of his Colorado state court criminal conviction in Arapahoe County District Court case number 97CR4188.  *See Medicine-Blanket v. Brill*, No. 08-cv-02735-MSK-KLM (D. Colo. July 23, 2010).  A Colorado court convicted Mr. Medicine-Blanket in No. 97CR4188 of various sexual assault crimes involving a minor.  *See Medicine Blanket v. Brill*, 425 F. App'x 751, 752 (10th Cir. 2011).  Although he committed his crimes in Colorado, tribal police arrested him on the Rosebud Sioux Indian Reservation in South Dakota.  *Id.*  He was taken into federal custody, temporarily held by South Dakota authorities, and extradited to Colorado for prosecution.  *Id.*  The Colorado Court of Appeals affirmed his conviction in *People v. Medicine Blanket*, No. 98CA2307 (Colo. Ct. App. Sept. 21, 2000) (unpublished), and the Colorado Supreme Court denied his petition for a writ of certiorari, *Medicine Blanket v. People*, No. 01SC37 (Colo. April 9, 2001).  *See Medicine Blanket*, 425 F. App'x at 752.

In No. 08-cv-02735-MSK-KLM, Mr. Medicine-Blanket's prior habeas corpus action, the Court adopted the recommendation of Magistrate Judge Kristen L. Mix that the application be denied and the action dismissed with prejudice because Mr. Medicine-Blanket had failed to exhaust his four asserted claims, which were procedurally defaulted.  Judgment was entered on July 28, 2010.  On June 9, 2011, the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) affirmed.  *See Medicine Blanket v. Brill*, 425 F. App'x 751 (10th Cir. 2011).  On January 17, 2012, the United States Supreme Court denied certiorari review.  *See* No. 08-cv-02735-MSK-KLM, ECF No. 66.

The dismissal with prejudice of No. 08-cv-02735-MSK-KLM as procedurally barred based on a state procedural default operates as an adjudication on the merits. *See Turner v. Artuz*, 262 F.3d 118, 122-23 (2d Cir. 2001) ("The determination that claims . . . were procedurally defaulted qualifies as an adjudication on the merits."). Therefore the Court concludes that the instant application is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Medicine-Blanket must apply to the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Medicine-Blanket concedes that he has not obtained authorization from the Tenth Circuit to file a second or successive § 2254 application. (*See* ECF No. 8 at 55.)

Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. When the claims being raised in the second or successive application clearly do not meet the statutory requirements set forth in § 2244(b)(2), "a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *See id.* at 1252.

Mr. Medicine-Blanket is not raising any claim in this action that is based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2), despite his attempts to assert otherwise. *See* ECF No. 8 at 45-46, 52-54. Therefore, the Court finds that a transfer is not in the interest of justice for that reason alone. *See* § 2244(b)(2).

Consideration of the other relevant factors also supports this conclusion. Mr. Medicine-Blanket's application appears to be time-barred even if Applicant had sought proper authorization prior to filing in this Court. There also is no indication that Mr. Medicine-Blanket seeks to pursue a claim that likely has merit. It was clear when the instant action was filed that this Court lacks jurisdiction over Mr. Medicine-Blanket's claims that were raised or could or should have been raised in No. 08-cv-02735-MSK-KLM. As a result, the Court finds that a transfer of the instant action to the Tenth Circuit

is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 8) is denied and the action is dismissed for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  3rd  day of   December  , 2013.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court